UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN STOUTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 1:20-cv-11195-NT |
| | ) |
| JUDGE WILLIAM G. YOUNG, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

This case comes before me again on the Plaintiff's motion for relief pursuant to Rule 60 of the Federal Rules of Civil Procedure ("**Pl.'s Mot.**") (ECF No. 22). On October 19, 2020, the United States Magistrate Judge, acting under the authority granted him by 28 U.S.C. § 636 and this Court, conducted a preliminary review of the Plaintiff's Complaint and filed a Recommended Decision. Recommended Decision (ECF No. 15). After reviewing and considering the record, the Recommended Decision, and the Plaintiff's objection (ECF No. 17), I made my own *de novo* determination and issued an order on December 28, 2020, affirming and adopting the Recommended Decision and dismissing the complaint. Order (ECF No. 19.) The Plaintiff then filed his motion for relief pursuant to Rule 60. Pl.'s Mot. For the reasons that follow, the Plaintiff's motion for relief from judgment is denied.

The First Circuit has instructed that "relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly." *Roosevelt REO PR II Corp. v. Del Llano-Jiménez*, 765 F. App'x 459, 461 (1st Cir. 2019) (quoting

*Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co.*, 750 F.3d 1, 4 (1st Cir. 2014)). As grounds for this type of "extraordinary" relief from judgment, the Plaintiff cites subsections (3), (4), and (6) of Rule 60(b). Pl.'s Mot. 2. I address each of these grounds in turn.

Rule 60(b)(3) allows a court to relieve a party from a final judgment in the event of fraud or similar misconduct by "an opposing party." Fed. R. Civ. P. 60(b)(3). The Plaintiff has not demonstrated that any opposing party has committed such misconduct here.

Pursuant to Rule 60(b)(4), I may relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Despite the Plaintiff's claims that the Magistrate Judge "lacked a [sic] oath of office," Pl.'s Mot. 1, I am the one who "exercise[d] final decisionmaking authority" in issuing my order affirming the Recommended Decision, *see PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13 (1st Cir. 2010) (internal quotation marks omitted). The judgment therefore is not void.

Finally, Rule 60(b)(6) is a catchall provision that provides relief for "any other reason" not otherwise covered by Rule 60(b)(1)–(5). *See* Fed. R. Civ. P. 60(b)(6). Among the factors to be considered in reviewing a motion brought under Rule 60(b), the First Circuit requires that there be "reason to believe that vacating the judgment will not be an empty exercise." *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.,* 953 F.2d 17, 20 (1st Cir. 1992). In other words, I must believe that the Plaintiff has a "potentially meritorious claim." *Id.* at 21. For the

reasons outlined in my order and the Recommended Decision, it is apparent that the Plaintiff's claim is meritless and therefore this requisite showing has not been met.

Because the Plaintiff has failed to demonstrate that he is entitled to the extraordinary relief provided under Rule 60(b), the Plaintiff's motion for relief is **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 21st day of January, 2021.